UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DESARAY WILLIAMS, | ) | CASE NO. 5:15-cv-2185 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Plaintiff Desaray Williams ("plaintiff" or "Williams") appeals from the decision of defendant Carolyn Colvin, Acting Commissioner of Social Security ("Commissioner"), denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The matter was referred to Magistrate Judge Jonathan D. Greenberg for the preparation of a Report and Recommendation ("R&R"). The Magistrate Judge's R&R recommends that the Court find that the Commissioner's decision is supported by substantial evidence, and affirm the Commissioner's decision. (Doc. No. 20.) Plaintiff has filed objections to the R&R (Doc. No. 21 ["Obj."]), and the Commissioner has filed a response. (Doc. No. 22 ["Resp."].) Upon *de novo* review and for the reasons set forth below, the Court sustains plaintiff's objections in part, accepts in part and rejects in part the R&R, and remands the matter to the Commissioner for further proceedings.

I. PROCEDURAL BACKGROUND

Plaintiff does not object to the Magistrate Judge's recitation of the facts and procedural history in the R&R. The Court adopts and incorporates that portion of the R&R in full, and only

provides a brief review of the background facts in order to provide context for plaintiff's objections. Plaintiff has past relevant work experience as a nurse assistant. She filed for social security disability benefits for a back injury that traces its origins to 2011 and appears to have been aggravated over the years. (Doc. No. 13 (Transcript of Proceedings before the Social Security Administration ["Tr."]) at 77-80, 355; R&R at 788.)[1] On June 26, 2014, the Administrative Law Judge ("ALJ") issued a decision denying her claim. (Tr. at 75-84.) The ALJ determined that plaintiff suffered from the following severe impairments: degenerative disk disease and obesity. (*Id*. at 77.) Nonetheless, the ALJ determined that plaintiff was not disabled because she did not have an impairment that met or equaled the severity of one of the listed impairments in the social security regulations, and because she had the residual functional capacity ("RFC") to perform a specified range of light work as defined in the regulations. (*Id*. at 79-82.)

The R&R recommends that the ALJ's decision, which became the final decision of the Commissioner following administrative review, be affirmed. In advancing this recommendation, the Magistrate Judge rejected plaintiff's two arguments: (1) that the ALJ's evaluation of plaintiff's treating source was deficient such that the ALJ's disability determination was not supported by substantial evidence, and (2) that the ALJ failed to evaluate and consider an "other source" medical opinion in violation of SSR 06-03P.

The latter argument related to the opinion of and the RFC test performed by plaintiff's

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

2

physical therapist, Jack Eckroad. (Tr. at 692-719.) In his May 14, 2014 Functional Capacity Evaluation, he surmised that plaintiff gave "sub-maximal" effort during the testing, suggesting that "she could do more physically at times than was demonstrated during [the] testing day." (Tr. at 692.) He was clear, however, that this sub-maximal effort was not to be equated with "intent." (*Id*.) While he suggested that plaintiff's exertion level should be considered, he emphasized that "[s]ignificantly more weight should be placed upon objective findings versus subjective reports." (*Id*.) With respect to his objective findings, he found that plaintiff's test results demonstrated that she could perform less than sedentary work in the areas of lifting and carrying, and could not crouch, squat, crawl, or perform "low-level" work. (*Id*. at 694.) Ultimately, Mr. Eckroad concluded that plaintiff could not meet the physical demands of her previous job and was not otherwise "capable of competitive employment." (*Id*. at 693.) In fact, he opined that "there is no reasonable medical certainty that this client will ever be capable of competitive employment or that she will be able to perform at a higher physical demand level than demonstrated at the time of the testing." (*Id*.)

In her merits brief, plaintiff complained that the ALJ failed to consider, evaluate, and assign any weight to this "other medical source" opinion, in violation of SSR 06-03P, 2006 WL 2329939 (Aug. 9, 2006), as evidenced by the fact that the ALJ failed to even mention Mr. Eckroad's RFC in his opinion. (Doc. No. 14 at 748-49.) While the Magistrate Judge noted that "the Commissioner does not meaningfully challenge [Williams'] assertion that the ALJ erred by failing to consider Eckroad's opinion[,]" he accepted the Commissioner's argument that the omission was harmless. (R&R at 809.) In finding harmless error, the Magistrate Judge determined that Mr. Eckroad's representation that plaintiff gave "sub-maximal" effort, making

3

her reliability questionable, "significantly undermine[d] Eckroad's opinion as to [Williams'] limitations." (*Id.*)

Plaintiff's first objection challenges this conclusion, suggesting that, in excusing the violation of SSR 06-3P, the Magistrate Judge "appeared to engage in his own evaluation of Mr. Eckroad's opinions." (Obj. at 812.) This alleged error involving the physical therapist's RFC also spills into part of plaintiff's second objection, addressing the Magistrate Judge's evaluation of the treating source rule. Because the ALJ ignored Mr. Eckroad's opinions, plaintiff complains that the ALJ was able to represent that the entirety of the record evidence was contrary to the opinion expressed by plaintiff's treating physician, Dr. Dai Kohara, that plaintiff was unemployable. (*Id*. 814-15.)

## II. STANDARD OF REVIEW

A party may file timely written objections to a magistrate judge's proposed findings and recommendations. 28 U.S.C. § 636(b)(1). "A judge of the court shall make a de novo determination of those portions of a report or specified proposed findings or recommendations to which objection is made." *Id*. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*.

A reviewing court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003). "'Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Besaw v. Sec'y of Health & Human Servs*., 966 F.2d 1028,

1030 (6th Cir. 1992) (quoting *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989)).

Even when there is substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)). Likewise, a court "cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (alteration in original) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996)); *see also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544-46 (6th Cir. 2004) (finding it was not harmless error for the ALJ to fail to make sufficiently clear why he rejected the treating physician's opinion, even if substantial evidence not mentioned by the ALJ may have existed to support the ultimate decision to reject the treating physician's opinion).

### III. PLAINTIFF'S FIRST OBJECTION: THE ALJ FAILED TO PROPERLY CONSIDER "OTHER MEDICAL SOURCE" OPINIONS UNDER SSR 06-03P

Plaintiff objects to the Magistrate Judge's finding that the ALJ committed a harmless error when he failed to consider evidence proffered by plaintiff's other medical source, the RFC performed by physical therapist Jack Eckroad. Plaintiff argues that the Magistrate Judge "seemingly accorded little weight to Mr. Eckroad's opinions noting their 'inherent unreliability.'" (Obj. at 812.) She posits, however, that "this is a finding of fact, a decision that is left to the ALJ." (*Id.*, citing *Mullen v. Bowen*, 800 F.2d 535, n.5 (6th Cir. 1986)).

Plaintiff does not dispute that her physical therapist is not an "acceptable medical source" that is entitled to the type of "controlling weight" that is given to "acceptable medical sources." *See* 20 C.F.R. §§ 404.1527(a)(2); 404.1527(d), 416.927(a)(2), 416.927(d). However, the ALJ must consider all of the available evidence in the individual's case record, including information from "other medical sources." *See Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 378 (6th Cir. 2013). Included in the list of relevant "other medical sources" that must be considered are: "nurse practitioners, physician assistants, licensed clinical social workers, naturopaths, chiropractors, audiologists, and therapists[.]" SSR 06-03P, 2006 WL 2329939, at *2. While information from these "other sources" cannot establish a qualifying disability, SSR 06-03P makes clear that such information can be used to show "the severity of the individual's impairment(s) and how it affects the individual's ability to function." *Id*. Specifically, SSR 06-03P explains:

> With the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not "acceptable medical sources," such as nurse practitioners, physician assistants, and licensed clinical social workers, have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists. Opinions from these medical sources, who are not technically deemed "acceptable medical sources" under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file.

*Id*. at *3.

In evaluating the opinions from "other medical sources," an ALJ should consider various factors, "including how long the source has known the individual, how consistent the opinion is with other evidence, and how well the source explains the opinion." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 541 (6th Cir. 2007) (citation omitted). The ruling's explanation of the

6

consideration to be afforded "other source" opinions provides:

> Since there is a requirement to consider all relevant evidence in an individual's case record, the case record should reflect the consideration of opinions from medical sources who are not "acceptable medical sources" and from "non-medical sources" who have seen the claimant in their professional capacity. Although there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision, *the adjudicator generally should explain the weight given to opinions from these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning*, when such opinions may have an effect on the outcome of the case. In addition, when an adjudicator determines that an opinion from such a source is entitled to greater weight than a medical opinion from a treating source, the adjudicator must explain the reasons in the notice of decision in hearing cases and in the notice of determination (that is, in the personalized disability notice) at the initial and reconsideration levels, if the determination is less than fully favorable.

SSR 06-03P, 2006 WL 2329939, at *6 (emphasis added).

Given this guidance, "it will rarely be enough for the commissioner to silently 'consider' the above-mentioned factors in deciding how much weight to give to an 'other source' who has seen the claimant in the source's professional capacity." *Estep v. Comm'r of Soc. Sec.*, CASE NO. 15-CV-10329, 2016 WL 1242360, at *3 (E.D. Mich. Mar. 30, 2016); *see Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 550 (6th Cir. 2014) ("An ALJ must consider other-source opinions and 'generally should explain the weight given to opinions for these 'other sources [.]'"") (alteration in original) (quoting SSR 06-03P); *Gayheart*, 710 F.3d at 378 (criticizing the ALJ's failure to mention the claimant's therapist who saw the claimant on a regular basis for thirteen months). Rather, "[t]he Sixth Circuit has repeatedly recognized that the commissioner must make an adequate record of the commissioner's consideration of an 'other source' who has seen the claimant in the source's professional capacity." *Estep*, 2016 WL 1242360, at *3 (collecting cases); *Duderstadt v. Comm'r of Soc. Sec.,* No. 3:13-CV-302, 2014 WL 3508897, at *11 (S.D.

7

Ohio July 15, 2014) (recommending remand where the "ALJ's decision neither consider[ed] nor mention[ed] the supportability or consistency of the opinion provided by [the claimant's therapist] and [did] not refer to any other regulatory factor as a ground for rejecting his opinions"), *adopted by* 2014 WL 4829498 (S.D. Ohio Sept. 29, 2014); *Hatfield v. Astrue*, No. 3:07-cv-242, 2008 WL 2437673, at *3 (E.D. Tenn. June 13, 2008) (noting that "[t]he Sixth Circuit . . . appears to interpret the phrase 'should explain' as indicative of strongly suggesting that the ALJ explain the weight [given to an 'other source' opinion], as opposed to leaving the decision whether to explain to the ALJ's discretion") (citing *Cruse*, 502 F.3d at 541-42).  Still, "[s]o long as the ALJ addresses the opinion [from an 'other source'] and gives reasons for crediting or not crediting the opinion, the ALJ has complied with the regulations." *Drain v. Comm'r of Soc. Sec.*, No. 14-cv-12036, 2015 WL 4603038, at *4 (E.D. Mich. July 30, 2015) (citing *Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011)).

 Here, the ALJ did not even mention the opinions offered by Mr. Eckroad, and, in fact, the only reference to this material was contained in the exhibit list. (*See* Tr. at 89, listing Exhibit HO 21F Office Treatment Records, Akron General Family Medicine.) Further, the Commissioner concedes that there is no indication that the ALJ even considered Mr. Eckroad's opinions. The R&R reasons that this omission does not necessitate reversal and remand because, had the ALJ considered Mr. Eckroad's opinions, he would have rejected them as unreliable. (R&R at 809.) The R&R concludes that the overall decision is supported by substantial evidence, and consideration of the other source opinion would not have changed the outcome. (*Id.*)

 There is no question that the ALJ violated SSR 06-03P when he failed to explain the weight he gave to Mr. Eckroad opinions about plaintiff's RFC (or to even mention Mr. Eckroad).

8

*See Cruse*, 502 F.3d at 541 ("As it stands, the ALJ's decision was devoid of any degree of specific consideration of nurse practitioner Hasselle's functional assessments. Following SSR 06-03P, the ALJ should have discussed the factors relating to his treatment of Hasselle's assessment, so as to have provided some basis for why he was rejecting the opinion."); *Edwards v. Comm'r of Soc. Sec.*, Case No. 1:14-cv-0832, 2016 WL 54690, at *6 (W.D. Mich. Jan. 5, 2016) ("While the ALJ is not required to explicitly discuss each of [the] factors, the record must nevertheless reflect that the ALJ considered those factors relevant to his assessment.") (citations omitted); *Boran ex rel. S.B. v. Astrue*, No. 1:10CV1751, 2011 WL 6122953, at *14 (N.D. Ohio Nov. 22, 2011) ("The mere citation to the opinions of [claimant's case workers] is not sufficient to satisfy SSR 06-03P because it does not allow a subsequent reviewer to follow the ALJ's reasoning in disregarding these opinions, which might have had an effect on the outcome of the case.") "And given that there is nothing in the ALJ's decision that indirectly indicates that the ALJ considered [the 'other source's] notes, it is also possible that the ALJ violated the requirement that [he] consider all the relevant evidence." *Estep*, 2016 WL 1242360, at *4.

This oversight cannot be easily dismissed as insignificant, given the fact that Mr. Eckroad's opinions were consistent with and provided support for the physical restrictions imposed by plaintiff's treating physician. (*See* Tr. at 482-83.) Having an opportunity to observe plaintiff's range of motion and exertion levels, Mr. Eckroad was in an excellent position to opine on the ultimate question before the ALJ: whether plaintiff retained the residual functional capacity to perform light work. The omission is especially troubling in that the ALJ appears to have rejected the opinions of plaintiff's treating physician on the ground that they found no support in the record. (*See* Tr. at 81.)

It may be that, as the Magistrate Judge suggests, the ALJ would have rejected Mr. Eckroad's opinions as tainted by his own admission that plaintiff failed to fully exert herself during the testing.[2] However, the Court cannot make that determination because the ALJ's decision does not permit a reviewing court to ascertain the ALJ's reasoning and treatment of the evidence before him. *See Gayheart*, 710 F.3d at 378-79 (district court erred in presuming that the therapist's opinion, that was not even acknowledged in ALJ's decision, was rejected because the findings in the opinion were reflected in a physician's opinion); *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010). While the Court will not go so far as to hold that the failure to comment on the weight given to an "other source" opinion will always require remand, here, the omission precludes meaningful judicial review. *See Estep*, 2016 WL 1242360, at *4-5 (discussing, without deciding, the question of whether the failure to explain weight given to an "other source" opinion is *per se* reversible error). Accordingly, the Court cannot make a determination as to whether the decision is supported by substantial evidence, and the Commissioner's decision must be remanded so that the ALJ can properly consider and discuss the other source opinions and explain how they impact the determination of whether plaintiff retains the residual capacity to perform light work.

---

[2] While Mr. Eckroad noted that plaintiff expended less than optimal effort at times, he was clear that there was other evidence that plaintiff was unable to perform light work. Moreover, he cited in his report various testing mechanisms he employed that are designed to identify and evaluate non-subjective indicators of physical ability, such as heart rate and various non-organic signs. (Tr. at 711-16.)

## IV. CONCLUSION

For all of the foregoing reasons, plaintiff's objections are sustained in part, the R&R is accepted in part and rejected in part, and the decision of the Commissioner is REVERSED and REMANDED for further proceedings consistent with this Memorandum Opinion.

**IT IS SO ORDERED**.


Dated: March 22, 2017

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**